IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**U.S. DISTRICT COURT - N.D. OF N.Y.**
**FILED**
DEC 2 1 2022
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Albany

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.  1:22-CR-477 (GTS) |
| | ) | |
| **v.** | ) | **Indictment** |
| | ) | |
| **DWIGHT A. SINGLETARY II, aka** | ) | Violations:   21 U.S.C. §§ 846, 841(a)(1), |
| **"Nutt" and "Mike Jones,"** | ) | (b)(1)(A), (B), (C), & (D) |
| **MCKENZIE MERRIALICE COLES,** | ) | [Conspiracy to Manufacture, |
| **aka "Kenzie,"** | ) | Distribute, and Possess with |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ) | Intent to Distribute Controlled |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ) | Substances] |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ) | 21 U.S.C. § 841(a)(1), |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ) | (b)(1)(C) & (D) [Possession |
| | ) | with Intent to Distribute |
| **DAVID SINGLETARY, aka "DB,"** | ) | Controlled Substances] |
| **ISIAH TI-QUAN CLEMENTS, aka** | ) | 21 U.S.C. § 856(a)(1) |
| **"Zay,"** | ) | [Maintaining a Drug-Involved |
| **LAWRENCE MUMPHREY, aka "L,"** | ) | Premises] |
| **LATRICE MUMPHREY,** | ) | 18 U.S.C. §§ 922(g)(1), |
| **DEANDRE CALDWELL, aka "Dilli,"** | ) | 924(a)(2) [Possession of |
| **"Dillinger," and "Dre,"** | ) | Firearms and Ammunition by |
| **ROSEMARY COLES,** | ) | a Prohibited Person] |
| **KRISTLE WALKER, aka "Demii,"** | ) | 18 U.S.C. § 924(c) [Possession |
| **NIARA BANKS, aka "Nie,"** | ) | of Firearms in Furtherance of a |
| **JAZELL SHULER,** | ) | Drug Trafficking Crime] |
| **TOQWANDA KETCHMORE, aka** | ) | 18 U.S.C. § 1956(h) |
| **"Quannie,"** | ) | [Conspiracy to Commit Money |
| **VICTOR TURNER,** | ) | Laundering] |
| **JUNEALLYSON OSMAN, aka** | ) | 18 U.S.C. § 1956(a)(1)(B)(i) |
| **"Juney,"** | ) | [Money Laundering] |
| **LAFAY PEARSON, aka "Lala,"** | ) | 18 U.S.C. § 1957(a) |
| **CONSANGA HARRIS, aka "Sondy,"** | ) | [Transactions in Criminally |
| **ALYSSA JUNE WHITE,** | ) | Derived Property] |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ) | 18 U.S.C. § 1001(a)(2) [False |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ) | Statements] |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ) | |
| | ) | |
| | ) | |
| | ) | 99 Counts & Forfeiture Allegations |
| | ) | |
| **Defendants.** | ) | Counties of        Albany, Rensselaer, |
| | ) | Offenses:          Schenectady |

## THE GRAND JURY CHARGES:

### Introduction

At all times relevant to this indictment, unless otherwise indicated:

1.      Between at least 2016 and on or about June 15, 2022, **DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones" ("SINGLETARY"), MCKENZIE MERRIALICE COLES, aka "Kenzie" ("COLES"),** ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ and others known and unknown shipped thousands of kilograms of marijuana from Fast Pack & Ship at 1432 North Cedar Avenue, Suite 107, Fresno, California ("Fast Pack & Ship"), to locations throughout the United States, including the Capital Region of New York ("Capital Region").

2.      ▉▉▉▉▉▉ **SINGLETARY,** and others also cultivated marijuana on a commercial scale in Fresno.

3.      Fast Pack & Ship was owned and operated by ▉▉▉▉▉ from at least 2015 until in or about June 2018.

4.      ▉▉▉▉▉▉ sold Fast Pack & Ship to ▉▉▉▉ in or about June 2018.

5.      ▉▉▉▉ operated Fast Pack & Ship with ▉▉▉▉▉ until in or about April 2020, when ▉▉▉▉ transferred ownership of the business to **COLES.**

6.      **COLES** owned and operated Fast Pack & Ship through M.M.M.C. Management, Inc. ("MMMC Management").

7.      ▉▉▉▉▉▉ worked at Fast Pack & Ship for ▉▉▉▉▉▉▉▉ and **COLES.**

8.      The marijuana was shipped from Fast Pack & Ship in packages delivered by UPS and FedEx.  Many of the packages of marijuana were shipped under the names of businesses that did not, in fact, ship the packages.

9.      To enable the recipients to track and retrieve the packages of marijuana, **SINGLETARY**, **COLES**, and others text messaged receipts with tracking information for the packages to the recipients.

10.     **DAVID SINGLETARY, aka "DB" ("DAVID SINGLETARY"), ISIAH TI-QUAN CLEMENTS, aka "Zay" ("CLEMENTS"), LAWRENCE MUMPHREY, aka "L" ("MUMPHREY"), DEANDRE CALDWELL, aka "Dilli," "Dillinger," and "Dre" ("CALDWELL"), ROSEMARY COLES, NIARA BANKS, aka "Nie" ("BANKS"), JAZELL SHULER ("SHULER"), TOQWANDA KETCHMORE, aka "Quannie," VICTOR TURNER, JUNEALLYSON OSMAN, aka "Juney," CONSANGA HARRIS, aka "Sondy" ("HARRIS"), and LAFAY PEARSON, aka "Lala,"** among many others, received packages of marijuana shipped from Fast Pack & Ship in the Capital Region.

11.     ███████████████████████████████████████ received packages of marijuana shipped from Fast Pack & Ship in ████████ and ██████████████ ████████ received packages of marijuana shipped from Fast Pack & Ship in ██████

12.     **SINGLETARY**, **COLES**, and others also shipped "edibles" containing tetrahydrocannabinols (THC), for instance, candies, pastries, drinks, and sauces, from Fast Pack & Ship. ██████████ among others, provided edibles to **SINGLETARY**.  The edibles were sold by **ROSEMARY COLES, DAVID SINGLETARY, MUMPHREY, CALDWELL**, and others in the Capital Region.

13.     A portion of the marijuana was sold out of "knock spots" in the Capital Region, including at 2657 5th Avenue, First Floor, Troy, New York, which was leased by **DAVID SINGLETARY**.  The "knock spots" also sold edibles.

14.     The proceeds from the sale of the marijuana and edibles ("marijuana proceeds") were laundered through a variety of means, including money transfers; cash and money order deposits into numerous bank accounts; the transportation and delivery of cash; the purchase of cashier's checks; and real estate transactions.

15.     **KRISTLE WALKER, aka "Demii" ("WALKER"), ALYSSA JUNE WHITE**, and **LATRICE MUMPHREY** laundered marijuana proceeds for, among others, **SINGLETARY** and **COLES**.

16.     **SINGLETARY** owned and controlled, among other companies, DAS Empire, Inc. ("DAS Empire") and Daddy D's Boutique.

17.     **COLES** owned and controlled MMMC Management.

18.     Company-1 sold **SINGLETARY** and **COLES** real estate in Fresno.

19.     Law Firm-1 represented **SINGLETARY** and DAS Empire in connection with real estate transactions in the Capital Region.

20.     L.M. sold DAS Empire real estate in Albany, New York.

21.     Jeweler-1 sold **SINGLETARY** jewelry in Albany.

22.     Car Dealership-1 sold **SINGLETARY** and DAS Empire an automobile in New Rochelle, New York.

23.     Car Dealership-2 sold **SINGLETARY** an automobile in New York City.

24.     ███████ owned and controlled, among other companies, BRDL, LLC.

25.     ███████ owned and controlled, among other companies, Fast Pack & Ship, LLC.

4

## COUNT 1
### [Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Controlled Substances]

26.     Paragraphs 1 through 25 are hereby realleged and incorporated by reference as if fully set forth herein.

27.     Between at least 2016 and on or about June 15, 2022, in Albany, Rensselaer, and Schenectady Counties in the Northern District of New York, and elsewhere, the defendants,

**DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones," MCKENZIE MERRIALICE COLES, aka "Kenzie,"** ████████████████████████

████████████████████████████████

**DAVID SINGLETARY, aka "DB," ISIAH TI-QUAN CLEMENTS, aka "Zay," LAWRENCE MUMPHREY, aka "L," DEANDRE CALDWELL, aka "Dilli," "Dillinger," and "Dre," ROSEMARY COLES, NIARA BANKS, aka "Nie," JAZELL SHULER, TOQWANDA KETCHMORE, aka "Quannie," VICTOR TURNER, JUNEALLYSON OSMAN, aka "Juney," CONSANGA HARRIS, aka "Sondy," LAFAY PEARSON, aka "Lala,"** ████████████████████████████████ and others known and unknown conspired to knowingly and intentionally manufacture, distribute, and possess with intent to distribute one or more controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

28.     As to defendants **DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones," MCKENZIE MERRIALICE COLES, aka "Kenzie," and** ████████████ ████████████████ that violation involved 1,000 kilograms or more of a mixture and substance containing a detectible amount of marijuana and 1,000 or more marijuana plants, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A), and

tetrahydrocannabinols (THC), a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C).

29.     As to defendants **DAVID SINGLETARY, aka "DB," ISIAH TI-QUAN CLEMENTS, aka "Zay,"** and **ROSEMARY COLES** that violation involved 1,000 kilograms or more of a mixture and substance containing a detectible amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A), and tetrahydrocannabinols (THC), a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C).

30.     As to defendants **LAWRENCE MUMPHREY, aka "L,"** and **DEANDRE CALDWELL, aka "Dilli," "Dillinger," and "Dre,"** that violation involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(B), and tetrahydrocannabinols (THC), a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C).

31.     As to defendants ███████████████████████ **JAZELL SHULER, TOQWANDA KETCHMORE, aka "Quannie," VICTOR TURNER, JUNEALLYSON OSMAN, aka "Juney," CONSANGA HARRIS, aka "Sondy,"** and ████████████ that violation involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(B).

32.     As to defendants ██████████████ and **NIARA BANKS, aka "Nie,"** that violation involved 50 kilograms or more of a mixture and substance containing a detectable amount of marijuana and tetrahydrocannabinols (THC), both Schedule I controlled substances, in violation of 21 U.S.C. § 841(b)(1)(C).

33.     As to defendants █████████████ and **LAFAY PEARSON, aka "Lala,"** that violation involved 50 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C).

34.     As to defendant ██████████████████ that violation involved less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(D).

35.     Before the defendant, ████████████████████████ committed the offense charged in this count, the defendant had a final prior conviction for a serious violent felony, that is, ██████████████████████ ███████████████████████████████████ ████████████████████ for which he served more than 12 months of imprisonment.

36.     Before the defendant, **LAWRENCE MUMPHREY, aka "L,"** committed the offense charged in this count, the defendant had a final prior conviction for a serious violent felony, that is, a conviction for robbery in the second degree, in violation of New York Penal Law § 160.10(1), in Rensselaer County Court in Rensselaer County, New York, on or about October 16, 2009, for which he served more than 12 months of imprisonment.

37.     Before the defendant, ██████████████ committed the offense charged in this count, the defendant had a final prior conviction for a serious violent felony, that is, ████████ ████████████████████████████████ ██████████████████████████████ for which he served more than 12 months of imprisonment.

7

**COUNT 2**
**[Maintaining a Drug-Involved Premises]**

38.     Between in or about July 2020 and on or about November 22, 2022, in Rensselaer County in the Northern District of New York, the defendants, **DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones," DAVID SINGLETARY, aka "DB,"** and **LAWRENCE MUMPHREY, aka "L,"** knowingly leased, rented, used, and maintained a place for the purpose of distributing a controlled substance, that is, **DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones," DAVID SINGLETARY, aka "DB,"** and **LAWRENCE MUMPHREY, aka "L,"** leased, rented, used, and maintained 2657 5th Avenue, First Floor, Troy, New York, for the purpose of distributing marijuana and tetrahydrocannabinols (THC), both Schedule I controlled substances, in violation 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.

**COUNT 3**
**[Possession with Intent to Distribute a Controlled Substance]**

39.     On or about January 10, 2022, in Rensselaer County in the Northern District of New York, the defendants, **DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones," DAVID SINGLETARY, aka "DB,"** and **LAWRENCE MUMPHREY, aka "L,"** knowingly and intentionally possessed with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  As to defendants **DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones," DAVID SINGLETARY, aka "DB,"** and **LAWRENCE MUMPHREY, aka "L,"** that violation involved less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(D) and 18 U.S.C. § 2.

**COUNT 4**
**[Possession with Intent to Distribute a Controlled Substance]**

40.     On or about June 15, 2022, in Albany County in the Northern District of New York, the defendant, **DAVID SINGLETARY, aka "DB,"** knowingly and intentionally possessed with

8

intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). That violation involved less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(D).

## COUNT 5
### [Possession of Ammunition by a Prohibited Person]

41.     On or about June 15, 2022, in Albany County in the Northern District of New York, the defendant, **DAVID SINGLETARY, aka "DB,"** knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, to wit, 11 rounds of .40 caliber Winchester ammunition, and the ammunition was in and affecting commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT 6
### [Possession with Intent to Distribute a Controlled Substance]

42.     On or about June 15, 2022, in Albany County in the Northern District of New York, the defendant, **LAWRENCE MUMPHREY, aka "L,"** knowingly and intentionally possessed with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). That violation involved less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(D).

## COUNT 7
### [Possession of Firearms in Furtherance of a Drug Trafficking Crime]

43.     On or about June 15, 2022, in Albany County in the Northern District of New York, the defendant, **LAWRENCE MUMPHREY, aka "L,"** in furtherance of one or more drug trafficking crimes for which he may be prosecuted in a court of the United States, that is a violation of 21 U.S.C. § 846, and a violation of 21 U.S.C. § 841(a)(1), knowingly possessed one or more firearms, to wit, (i) a Ruger model AR-556 5.56mm caliber rifle, serial number 850-52199, (ii) an Anderson Manufacturing model AM-15 multi-caliber rifle, serial number

9

14112971, (iii) a .223 caliber rifle with ".223" on the barrel and no serial number, and (iv) a Taurus 9mm caliber pistol with no serial number, in violation of 18 U.S.C. § 924(c)(1)(A).

### COUNT 8
### [Possession of Firearms and Ammunition by a Prohibited Person]

44.     On or about June 15, 2022, in Albany County in the Northern District of New York, the defendant, **LAWRENCE MUMPHREY, aka "L,"** knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed one or more firearms and ammunition, to wit, (i) a Ruger model AR-556 5.56mm caliber rifle, serial number 850-52199, (ii) an Anderson Manufacturing model AM-15 multi-caliber rifle, serial number 14112971, (iii) 29 rounds of 7.62x39mm caliber TulAmmo ammunition, and (iv) 49 rounds of .22 caliber Remington ammunition, and the firearms and ammunition were in and affecting commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

### COUNT 9
### [Possession with Intent to Distribute Controlled Substances]

45.     On or about June 15, 2022, in Albany County in the Northern District of New York, the defendant, **DEANDRE CALDWELL, aka "Dilli," "Dillinger," and "Dre,"** knowingly and intentionally possessed with intent to distribute one or more controlled substances, in violation of 21 U.S.C. § 841(a)(1).  That violation involved less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(D), and tetrahydrocannabinols (THC), a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C).

### COUNT 10
### [Possession of a Firearm in Furtherance of a Drug Trafficking Crime]

46.     On or about June 15, 2022, in Albany County in the Northern District of New York, the defendant, **DEANDRE CALDWELL, aka "Dilli," "Dillinger," and "Dre,"** in furtherance of one or more drug trafficking crimes for which he may be prosecuted in a court of

the United States, that is a violation of 21 U.S.C. § 846, and a violation of 21 U.S.C. § 841(a)(1),

knowingly possessed a firearm, to wit, a Taurus PT738 .380 caliber handgun, serial number

11759B, in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 11
### [Money Laundering Conspiracy]

47.    Paragraphs 1 through 25 and 27 through 34 are hereby realleged and incorporated

by reference as if fully set forth herein.

48.    From in or about 2016 through on or about June 15, 2022, in Albany and Rensselaer

Counties in the Northern District of New York, and elsewhere, the defendants, **DWIGHT A.**

**SINGLETARY II, aka "Nutt" and "Mike Jones," MCKENZIE MERRIALICE COLES, aka**

**"Kenzie,"** ████████████████████████████████████████

████ **DAVID SINGLETARY, aka "DB," ISIAH TI-QUAN CLEMENTS, aka "Zay,"**

**LAWRENCE MUMPHREY, aka "L," LATRICE MUMPHREY, ROSEMARY COLES,**

**KRISTLE WALKER, aka "Demii," NIARA BANKS, aka "Nie," JAZELL SHULER,**

**CONSANGA HARRIS, aka "Sondy," ALYSSA JUNE WHITE,** ████████████████

████████████ and ████████████████████████ and others known and unknown

conspired to commit the following offenses:

a.    **Promotional Money Laundering**, by knowing that the property involved

in one or more financial transactions represented the proceeds of some form of unlawful activity,

conducting and attempting to conduct such a financial transaction affecting interstate commerce,

which transaction involved the proceeds of specified unlawful activity, that is, the distribution of

controlled substances, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to manufacture,

distribute, and possess with intent to distribute controlled substances, in violation of 21 U.S.C.

§ 846, with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

b. **Concealment Money Laundering**, by knowing that the property involved in one or more financial transactions represented the proceeds of some form of unlawful activity, conducting and attempting to conduct such a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of in violation of 21 U.S.C. § 841(a)(1), and conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

c. **Structuring Money Laundering**, by knowing that the property involved in one or more financial transactions represented the proceeds of some form of unlawful activity, conducting and attempting to conduct such a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii); and

d. **Transactions in Criminally Derived Property**, by knowingly engaging and attempting to engage in one or more monetary transactions by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than

12

$10,000 that was derived from specified unlawful activity, that is, the distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, in violation of 18 U.S.C. § 1957(a).

## **Manner and Means**

49.     The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

a.     **DAVID SINGLETARY, MUMPHREY, CLEMENTS, ROSEMARY COLES, WALKER, SHULER, ALYSSA JUNE WHITE,** ▮▮▮▮▮▮▮▮ and others deposited cash marijuana proceeds, money orders purchased with marijuana proceeds, and cashier's checks purchased with marijuana proceeds into bank accounts owned and controlled by **SINGLETARY, COLES,** ▮▮▮▮▮ and ▮▮▮ including accounts in the names of DAS Empire, Daddy D's Boutique, MMMC Management, BRDL, LLC, and Fast Pack & Ship, LLC. The funds were used to, among other things, purchase real estate in Fresno and the Capital Region; purchase vehicles, watches, and jewelry; to pay expenses associated with Fast Pack & Ship and shipping marijuana from Fast Pack & Ship; and to pay expenses associated with cultivating marijuana.

b.     **CLEMENTS,** ▮▮▮▮ and others deposited cash marijuana proceeds into bank accounts they owned and controlled and used the funds to make payments to credit card accounts owned and controlled by **SINGLETARY** and **COLES.**

c.     **COLES, DAVID SINGLETARY, CLEMENTS, WALKER, SHULER, ROSEMARY COLES** and others sent money transfers paid for with cash marijuana proceeds from the Capital Region to ▮▮▮▮▮▮ and others in California.

13

d.      **CLEMENTS, WALKER, BANKS, ALYSSA JUNE WHITE, MUMPHREY, LATRICE MUMPHREY, SMITH, ROSEMARY COLES** and others purchased cashier's checks with cash marijuana proceeds. Many of the checks were purchased in amounts slightly below the reporting threshold for cash transactions of over $10,000, and at times multiple checks—amounting to over $10,000—were purchased at different banks on the same date.

e.      The cashier's checks were made payable to, among others, **SINGLETARY**, **COLES**, and DAS Empire, and were deposited into bank accounts owned and controlled by **SINGLETARY** and **COLES**, and into a brokerage account owned and controlled by **SINGLETARY**.

f.      The cashier's checks were also made payable to individuals and entities from whom **SINGLETARY**, **COLES**, and DAS Empire purchased real estate in Fresno and the Capital Region, including Company-1 and L.M., and to Law Firm-1. Those cashier's checks were used by **SINGLETARY** and **COLES** to purchase real estate in Fresno and the Capital Region.

g.      On or about the following dates, **SINGLETARY, COLES**, and DAS Empire purchased the following properties for approximately the following amounts with cash marijuana proceeds, cashier's checks purchased with marijuana proceeds, and money orders purchased with marijuana proceeds.

| Date | Purchaser | Property | Price |
|---|---|---|---|
| 8/15/2016 | **SINGLETARY** | 69 5th Avenue, Troy, New York | $9,000 |
| 6/11/2018 | DAS Empire | 239 6th Avenue, Troy, New York | $48,000 |
| 4/19/2019 | **SINGLETARY** | 1109 2nd Avenue, Schenectady, New York | $35,000 |
| 4/19/2019 | **SINGLETARY** | 8 Edna Avenue, Ravena, New York | $25,000 |
| 3/12/2020 | **SINGLETARY** | 2270 Old 6th Avenue, Troy, New York | $61,950 |

| 1/14/2021 | **SINGLETARY** and **COLES** | 5371 West Acacia Avenue, Fresno, California | $430,000 |
|---|---|---|---|
| 2/17/2021 | DAS Empire | 17 Chapel Street, Unit 603, Albany, New York | $235,000 |
| 4/14/2021 | **SINGLETARY** and **COLES** | 5363 West Acacia Avenue, Fresno, California | $390,000 |
| 12/13/2021 | DAS Empire | 3202 6th Avenue, Troy, New York | $52,500 |
| 2/9/2022 | DAS Empire | 50 Tyler Street, Troy, New York | $16,400 |

h.      **SINGLETARY** paid contactors to renovate properties he and DAS Empire owned in the Capital Region with hundreds of thousands of dollars in cash marijuana proceeds, which was delivered to the contractors by **SINGLETARY, COLES, DAVID SINGLETARY, CLEMENTS,** and **ROSEMARY COLES**.  In some instances, **SINGLETARY** then sold the renovated properties.  For example, **SINGLETARY** purchased 69 5th Avenue, Troy, New York, for approximately $9,000 on or about August 15, 2016, and sold the renovated property for approximately $253,400 on or about December 9, 2020.

i.      **CLEMENTS, WALKER,** and **HARRIS** exchanged tens of thousands of dollars in cash marijuana proceeds for other cash at banks in the Capital Region.

j.      **WALKER, CLEMENTS,** and others flew from the Capital Region and elsewhere to Fresno with hundreds of thousands of dollars in cash marijuana proceeds and delivered the cash to **SINGLETARY** and **COLES**.  **SINGLETARY** used the cash to, among other things, purchase bulk quantities of marijuana for resale.

k.      Marijuana proceeds were deposited into bank accounts and transferred to **SINGLETARY, COLES,** ██████ and others through Zelle and Cash App.  For example, between in or about October 2021 and in or about June 2022 ██████ deposited cash marijuana proceeds into a bank account he owned and controlled at ██████

███████████ and then transferred the funds through Zelle to a bank account owned and controlled by ██████ at ████████████████████████████ ████ ███████ then transferred a substantial portion of the funds to **SINGLETARY** through Zelle and Cash App.  The following chart details certain of the transactions:

| Date | Transaction | Amount |
|---|---|---|
| 10/22/2021 | Cash deposit to ██████████ Account | $4,800 |
| 10/22/2021 | Zelle transfer from ██████ Account to ██████ Account | $2,000 |
| 10/22/2021 | Zelle transfer from ██████ Account to **SINGLETARY** | $2,000 |
| 10/25/2021 | Zelle transfer from ██████ Account to ██████ Account | $2,000 |
| 10/25/2021 | Zelle transfer from ██████ Account to **SINGLETARY** | $2,400 |
| 11/26/2021 | Cash deposit to ██████████ Account | $5,720 |
| 11/26/2021 | Zelle transfer from ██████ Account to ██████ Account | $2,000 |
| 11/30/2021 | Zelle transfer from ██████ Account to ██████ Account | $2,000 |
| 11/30/2021 | Zelle transfer from ██████ Account to **SINGLETARY** | $135 |
| 12/1/2021 | Zelle transfer from ██████ Account to ██████ Account | $700 |
| 12/6/2021 | Zelle transfer from ██████ Account to **SINGLETARY** | $2,500 |
| 12/10/2021 | Zelle transfer from ██████ Account to **SINGLETARY** | $750 |
| 1/7/2022 | Cash deposit to ██████████ Account | $4,750 |
| 1/7/2022 | Zelle transfer from ██████ Account to ██████ Account | $2,000 |
| 1/10/2022 | Zelle transfer from ██████ Account to ██████ Account | $650 |
| 1/10/2022 | Zelle transfer from ██████ Account to ██████ Account | $2,000 |
| 1/13/2022 | Cash App transfer from ██████ Account to **SINGLETARY** | $2,200 |
| 2/14/2022 | Cash deposit to ██████████ Account | $3,050 |
| 2/14/2022 | Zelle transfer from ██████ Account to ██████ Account | $2,000 |
| 2/15/2022 | Zelle transfer from ██████ Account to ██████ Account | $1,000 |
| 2/16/2022 | Cash App transfer from ██████ Account to **SINGLETARY** | $2,000 |
| 2/17/2022 | Cash App transfer from ██████ Account to **SINGLETARY** | $1,000 |
| 2/24/2022 | Cash deposit to ██████████ Account | $2,050 |
| 2/24/2022 | Zelle transfer from ██████ Account to ██████ Account | $2,000 |
| 3/1/2022 | Cash App transfer from ██████ Account to **SINGLETARY** | $700 |
| 3/2/2022 | Cash deposit to ██████████ Account | $700 |
| 3/30/2022 | Cash deposit to ██████████ Account | $700 |
| 4/1/2022 | Cash deposit to ██████████ Account | $3,050 |
| 4/4/2022 | Zelle transfer from ██████ Account to ██████ Account | $2,000 |
| 4/4/2022 | Zelle transfer from ██████ Account to ██████ Account | $2,000 |
| 4/4/2022 | Zelle transfer from ██████ Account to **SINGLETARY** | $2,500 |
| 4/4/2022 | Zelle transfer from ██████ Account to **SINGLETARY** | $1,500 |
| 4/8/2022 | Cash deposit to ██████████ Account | $1,200 |
| 4/8/2022 | Zelle transfer from ██████ Account to ██████ Account | $1,200 |
| 5/16/2022 | Cash deposit to ██████████ Account | $3,800 |
| 5/16/2022 | Zelle transfer from ██████ Account to ██████ Account | $2,000 |

| 5/16/2022 | Zelle transfer from ████ | Account to **SINGLETARY** | $2,000 |
| 5/17/2022 | Zelle transfer from ████ | Account to ████ Account | $1,500 |
| 5/23/2022 | Cash deposit to ████ | Account | $1,500 |
| 5/23/2022 | Zelle transfer from ████ | Account to ████ Account | $1,500 |
| 6/6/2022 | Cash deposit to ████ | Account | $2,600 |
| 6/6/2022 | Zelle transfer from ████ | Account to ████ Account | $2,000 |
| 6/6/2022 | Zelle transfer from ████ | Account to **SINGLETARY** | $2,000 |

l.      **SINGLETARY, COLES**, and **DAVID SINGLETARY** used marijuana proceeds to pay others to receive packages of marijuana shipped from Fast Pack & Ship to the Capital Region. The recipients of the packages were paid between approximately $300 and $400 per package of marijuana.

All in violation of 18 U.S.C. § 1956(h).

### COUNTS 12 THROUGH 82
### [Money Laundering]

50.      Paragraphs 1 through 25, 27 through 34, and 48 through 49(l) are hereby realleged and incorporated by reference as if fully set forth herein.

51.      On or about the date specified as to each count below, in Albany and Rensselaer Counties in the Northern District of New York, and elsewhere, the defendants, **DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones," MCKENZIE MERRIALICE COLES, aka "Kenzie," ISIAH TI-QUAN CLEMENTS, aka "Zay," LAWRENCE MUMPHREY, aka "L," LATRICE MUMPHREY, ROSEMARY COLES, KRISTLE WALKER, aka "Demii," NIARA BANKS, aka "Nie,"** and **ALYSSA JUNE WHITE**, as specified in each count below, knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, that is, the purchase of cashier's checks, which involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, knowing that the property involved in the

17

transaction represented the proceeds of some form of unlawful activity, and knowing that such

financial transaction was designed in whole and in part to conceal and disguise the nature, the

location, the source, the ownership, and the control of the proceeds of the specified unlawful

activity.

| Count | Approximate Date | Defendants | Financial Transaction |
|---|---|---|---|
| 12 | 5/30/2018 | **SINGLETARY** and **CLEMENTS** | Purchase of official check No. 970042972 for $9,500 to DAS Empire at the State Employees Federal Credit Union ("SEFCU"). |
| 13 | 7/20/2018 | **SINGLETARY** and **CLEMENTS** | Purchase of official check No. 970044029 for $5,000 to ███████ at SEFCU. |
| 14 | 8/3/2018 | **SINGLETARY** and **CLEMENTS** | Purchase of official check No. 500004485 for $5,000 to ██████ at SEFCU. |
| 15 | 8/17/2018 | **SINGLETARY** and **CLEMENTS** | Purchase of official check No. 970044633 for $5,000 to ███████ at SEFCU. |
| 16 | 3/12/2019 | **SINGLETARY** and **CLEMENTS** | Purchase of official check No. 970048449 for $9,850 to DAS Empire at SEFCU. |
| 17 | 3/13/2019 | **SINGLETARY** and **WALKER** | Purchase of official check No. 190030610 for $8,000 to DAS Empire at SEFCU. |
| 18 | 4/11/2019 | **SINGLETARY** and **CLEMENTS** | Purchase of official check No. 970049167 for $9,000 to DAS Empire at SEFCU. |
| 19 | 4/15/2019 | **SINGLETARY** and **CLEMENTS** | Purchase of official check No. 1156 for $8,500 to DAS Empire at SEFCU. |
| 20 | 6/13/2019 | **SINGLETARY** and **CLEMENTS** | Purchase official check No. 028962249 for $7,800 to **SINGLETARY** at KeyBank, N.A. ("KeyBank"). |
| 21 | 2/11/2020 | **SINGLETARY** and **CLEMENTS** | Purchase official check No. 029396639 for $9,850 to **SINGLETARY** at KeyBank. |

| 22 | 3/12/2020 | **SINGLETARY** and **MUMPHREY** and **LATRICE MUMPHREY** | Purchase of official check No. 143245 for $9,800 to Law Firm-1 at SEFCU. |
|---|---|---|---|
| 23 | 3/12/2020 | **SINGLETARY** and **MUMPHREY** | Purchase of cashier's check No. 1314307632 for $9,800 to Law Firm-1 at Bank of America, N.A. ("BOA"). |
| 24 | 3/12/2020 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 1681206049 for $9,800 to Law Firm-1 at BOA. |
| 25 | 3/12/2020 | **SINGLETARY** and **WALKER** | Purchase of official check No. 102338194-5 for $9,800 to Law Firm-1 at Manufacturers and Traders Trust Company ("M&T Bank"). |
| 26 | 9/14/2020 | **SINGLETARY** and **MUMPHREY** | Purchase of cashier's check No. 1681206567 for $9,855 to Company-1 at BOA. |
| 27 | 9/14/2020 | **SINGLETARY** and **MUMPHREY** | Purchase of treasurers check No. 827555 for $9,855 to Company-1 at Trustco Bank ("Trustco"). |
| 28 | 12/7/2020 | **SINGLETARY** and **MUMPHREY** | Purchase of cashier's check No. 1681206787 for $9,500 to Company-1 at BOA. |
| 29 | 12/7/2020 | **SINGLETARY** and **MUMPHREY** | Purchase of treasurers check No. 827591 for $9,500 to Company-1 at Trustco. |
| 30 | 12/8/2020 | **SINGLETARY** and **WALKER** | Purchase of official check No. 102443465-7 for $9,850 to Company-1 at M&T Bank. |
| 31 | 12/8/2020 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 1314308437 for $9,550 to Company-1 at BOA. |
| 32 | 12/9/2020 | **SINGLETARY** and **CLEMENTS** | Purchase of cashier's check No. 1363614557 for $5,000 to Company-1 at BOA. |
| 33 | 12/9/2020 | **SINGLETARY** and **CLEMENTS** | Purchase of official check No. 83859482-2 for $2,800 to Company-1 at TD Bank, N.A. ("TD Bank"). |
| 34 | 12/18/2020 | **SINGLETARY** and **MUMPHREY** and **LATRICE MUMPHREY** | Purchase of official check No. 230429 for $9,850 to Company-1 at SEFCU. |

| 35 | 12/18/2020 | **SINGLETARY** and **WALKER** | Purchase of official check No. 102336866-1 for $9,860 to Company-1 at M&T Bank. |
|---|---|---|---|
| 36 | 1/5/2021 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 1314308551 for $6,800 to Company-1 at BOA. |
| 37 | 1/5/2021 | **SINGLETARY** and **WALKER** | Purchase of official check No. 102443488-2 for $7,000 to Company-1 at M&T Bank. |
| 38 | 2/16/2021 | **SINGLETARY** and **MUMPHREY** and **LATRICE MUMPHREY** | Purchase of official check No. 247027 for $9,500 to L.M. at SEFCU. |
| 39 | 2/16/2021 | **SINGLETARY** and **MUMPHREY** | Purchase of cashier's check No. 1364309516 for $9,500 to L.M. at BOA. |
| 40 | 2/16/2021 | **SINGLETARY** and **MUMPHREY** | Purchase of treasurers check No. 827620 for $9,500 to L.M. at Trustco. |
| 41 | 2/16/2021 | **SINGLETARY** and **BANKS** | Purchase of official check No. 2178380 for $9,500 to L.M. at NBT Bank, N.A. ("NBT Bank"). |
| 42 | 2/16/2021 | **SINGLETARY** and **BANKS** | Purchase of official check No. 247001 for $8,000 to L.M. at SEFCU. |
| 43 | 2/16/2021 | **SINGLETARY** and **WALKER** | Purchase of official check No. 102443508-0 for $9,500 to L.M. at M&T Bank. |
| 44 | 2/16/2021 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 1314308663 for $9,500 to L.M. at BOA. |
| 45 | 9/14/2021 | **SINGLETARY** and **COLES** and **ROSEMARY COLES** | Purchase of teller's check No. 30030235 for $6,600 to **COLES** at Pioneer Bank. |
| 46 | 10/13/2021 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 1364012985 for $9,650 to DAS Empire at BOA. |
| 47 | 10/14/2021 | **SINGLETARY** and **CLEMENTS** | Purchase of cashier's check No. 1363616700 for $9,725 to DAS Empire at BOA. |

| 48 | 10/15/2021 | **SINGLETARY** and **CLEMENTS** | Purchase of cashier's check No. 1363616713 for $9,860 to **SINGLETARY** at BOA. |
|----|------------|--------------------------------|--------------------------------------------------------------------------------|
| 49 | 10/15/2021 | **SINGLETARY** and **MUMPHREY** | Purchase of treasurers check No. 848607 for $9,850 to DAS Empire at Trustco. |
| 50 | 10/15/2021 | **SINGLETARY** and **BANKS** | Purchase of official check No. 328125 for $9,860 to **SINGLETARY** at SEFCU. |
| 51 | 10/15/2021 | **SINGLETARY** and **BANKS** | Purchase of official check No. 328130 for $9,860 to **SINGLETARY** at SEFCU. |
| 52 | 10/15/2021 | **SINGLETARY** and **BANKS** | Purchase of official check No. 328131 for $9,860 to **SINGLETARY** at SEFCU. |
| 53 | 10/18/2021 | **SINGLETARY** and **CLEMENTS** | Purchase of cashier's check No. 1363616719 for $9,740 to DAS Empire at BOA. |
| 54 | 11/9/2021 | **SINGLETARY** and **MUMPHREY** | Purchase of cashier's check No. 1363616851 for $9,650 to **SINGLETARY** at BOA. |
| 55 | 11/9/2021 | **SINGLETARY** and **MUMPHREY** | Purchase of treasurers check No. 848620 for $9,860 to **SINGLETARY** at Trustco. |
| 56 | 11/9/2021 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 1681207437 for $9,840 to DAS Empire at BOA. |
| 57 | 12/13/2021 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 1364013346 for $9,960 to Law Firm-1 at BOA. |
| 58 | 12/13/2021 | **SINGLETARY** and **WALKER** | Purchase of official check No. 102573246-6 for $9,960 to Law Firm-1 at M&T Bank. |
| 59 | 12/13/2021 | **SINGLETARY** and **CLEMENTS** | Purchase of cashier's check No. 1681207522 for $9,960 to Law Firm-1 at BOA. |
| 60 | 12/13/2021 | **SINGLETARY** and **ALYSSA JUNE WHITE** | Purchase of official check No. 345997 for $9,960 to Law Firm-1 at SEFCU. |
| 61 | 12/17/2021 | **SINGLETARY** and **CLEMENTS** | Purchase of cashier's check No. 1364013391 for $9,960 to **SINGLETARY** at BOA. |
| 62 | 12/20/2021 | **SINGLETARY** and **MUMPHREY** | Purchase of cashier's check No. 1681207537 for $9,840 to **SINGLETARY** at BOA. |

| 63 | 12/20/2021 | **SINGLETARY** and **MUMPHREY** | Purchase of treasurers check No. 866146 for $9,640 to **SINGLETARY** at Trustco. |
|---|---|---|---|
| 64 | 12/21/2021 | **SINGLETARY** and **ALYSSA JUNE WHITE** | Purchase of official check No. 348280 for $9,660 to **SINGLETARY** at SEFCU. |
| 65 | 1/26/2022 | **SINGLETARY** and **MUMPHREY** | Purchase of treasurers check No. 858875 for $9,600 to **SINGLETARY** at Trustco. |
| 66 | 1/26/2022 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 1364013604 for $9,800 to **SINGLETARY** at BOA. |
| 67 | 1/26/2022 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 9635903358 for $9,800 to **SINGLETARY** at JPMorgan Chase Bank, N.A. ("Chase"). |
| 68 | 1/26/2022 | **SINGLETARY** and **WALKER** | Purchase of official check No. 102573283-5 for $9,600 to **SINGLETARY** at M&T Bank. |
| 69 | 1/26/2022 | **SINGLETARY** and **ALYSSA JUNE WHITE** | Purchase of official check No. 358649 for $9,800 to **SINGLETARY** at SEFCU. |
| 70 | 1/27/2022 | **SINGLETARY** and **ALYSSA JUNE WHITE** | Purchase of official check No. 359062 for $9,880 to **SINGLETARY** at SEFCU. |
| 71 | 1/28/2022 | **SINGLETARY** and **ALYSSA JUNE WHITE** | Purchase of official check No. 359614 for $8,000 to **SINGLETARY** at SEFCU. |
| 72 | 2/7/2022 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 9635903389 for $8,928 to Law Firm-1 at Chase. |
| 73 | 2/7/2022 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 9634401798 for $8,928 to Law Firm-1 at Chase. |
| 74 | 2/16/2022 | **SINGLETARY** and **ALYSSA JUNE WHITE** | Purchase of official check No. 365524 for $9,940 to DAS Empire at SEFCU. |

| 75 | 2/18/2022 | **SINGLETARY** and **MUMPHREY** and **LATRICE MUMPHREY** | Purchase of official check No. 366133 for $8,000 to **SINGLETARY** at SEFCU. |
|----|-----------|------------------------------------------------------|-------------------------------------------------------------------------------|
| 76 | 2/22/2022 | **SINGLETARY** and **MUMPHREY** | Purchase of treasurers check No. 859277 for $9,200 to **SINGLETARY** at Trustco. |
| 77 | 3/10/2022 | **SINGLETARY** and **BANKS** | Purchase of official check No. 372466 for $9,450 to DAS Empire at SEFCU. |
| 78 | 3/10/2022 | **SINGLETARY** and **BANKS** | Purchase of cashier's check No. 9681200182 for $9,350 to **SINGLETARY** at Chase. |
| 79 | 3/10/2022 | **SINGLETARY** and **MUMPHREY** | Purchase of treasurers check No. 866183 for $9,640 to **SINGLETARY** at Trustco. |
| 80 | 3/11/2022 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 9634401871 for $9,640 to **SINGLETARY** at Chase. |
| 81 | 3/24/2022 | **SINGLETARY** and **WALKER** | Purchase of cashier's check No. 1364013884 for $9,400 to DAS Empire at BOA. |
| 82 | 6/7/2022 | **SINGLETARY** and **MUMPHREY** | Purchase of treasurers check No. 859341 for $9,320 to DAS Empire at Trustco. |

In violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

## COUNTS 83 THROUGH 98
### [Transactions in Criminally Derived Property]

52.     Paragraphs 1 through 25, 27 through 34, 48 through 49(l), and 51 are hereby realleged and incorporated by reference as if fully set forth herein.

53.     On or about the date specified as to each count below, in Albany and Rensselaer Counties in the Northern District of New York, and elsewhere, the defendants, **DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones,"** and **MCKENZIE MERRIALICE COLES, aka "Kenzie,"** as specified in each count below, knowingly engaged and attempted to engage in monetary transactions by, through, and to a financial institution, affecting interstate commerce, in

criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, that is, the distribution of controlled substances, in violation in violation of 21 U.S.C. § 841(a)(1), and conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846.

| Count | Approximate Date | Defendants | Monetary Transaction |
|---|---|---|---|
| 83 | 6/7/2018 | SINGLETARY | Purchase of official check No. 101966447-7 for $45,000 to Law Firm-1 from funds in a M&T Bank account in the name of DAS Empire. |
| 84 | 3/7/2019 | SINGLETARY | Payment of $36,072 in cash to Jeweler-1 for Rolex watch. |
| 85 | 4/19/2019 | SINGLETARY | Purchase of official check No. 102069983-7 for $24,396.53 to Law Firm-1 from funds in a M&T Bank account in the name of DAS Empire. |
| 86 | 4/19/2019 | SINGLETARY | Purchase of official check No. 102069982-8 for $34,441.92 to Law Firm-1 from funds in a M&T Bank account in the name of DAS Empire. |
| 87 | 3/12/2020 | SINGLETARY | Purchase of cashier's check No. 1364010349 for $21,441.35 to Law Firm-1 from funds in a BOA account in the name of SINGLETARY. |
| 88 | 11/24/2020 | SINGLETARY and COLES | Purchase of cashier's check No. 0863715638 for $39,300 to Company-1 from funds in a BOA account in the name of SINGLETARY. |
| 89 | 11/25/2020 | SINGLETARY and COLES | Purchase of cashier's check No. 1221232323 for $70,000 to Company-1 from funds in a Chase account in the name of SINGLETARY. |
| 90 | 12/14/2020 | SINGLETARY and COLES | Purchase of official check No. 229440 for $20,000 to Stewart Title Company from funds in a SEFCU account in the name of SINGLETARY. |
| 91 | 2/17/2021 | SINGLETARY | Purchase of cashier's check No. 9634401050 for $152,069.88 to L.M. from funds in a Chase account in the name of SINGLETARY. |
| 92 | 4/14/2021 | SINGLETARY and COLES | Purchase of cashier's check No. 0017104896 for $30,000 to Company-1 from funds in a Wells Fargo Bank, N.A. ("Wells Fargo") account in the name of SINGLETARY. |

| 93 | 4/30/2021 | **SINGLETARY** and **COLES** | Purchase of cashier's check No. 0032406980 for $100,000 to Company-1 from funds in a Wells Fargo account in the name of **SINGLETARY**. |
|---|---|---|---|
| 94 | 8/18/2021 | **SINGLETARY** | Payment of $40,000 towards purchase of 2021 Mercedes Benz S580 from Car Dealership-1. |
| 95 | 9/15/2021 | **SINGLETARY** and **COLES** | Purchase of cashier's check No. 1221235359 for $100,000 to Company-1 from funds in a Chase account in the name of DAS Empire. |
| 96 | 12/1/2021 | **SINGLETARY** and **COLES** | Purchase of cashier's check No. 1221236186 for $50,000 to Company-1 from funds in a Chase account in the name of DAS Empire. |
| 97 | 12/12/2021 | **SINGLETARY** | Payment of $210,000 in cash to Car Dealership-2 towards purchase of 2021 Mercedes Benz G63. |
| 98 | 12/22/2021 | **COLES** | $11,017 transfer from funds in a Chase account in the name of MMMC Management to American Express. |

In violation of 18 U.S.C. §§ 1957(a) and 2.

## COUNT 99
### [False Statements]

54.     On or about October 6, 2020, in Albany County in the Northern District of New York, the defendant, **KRISTLE WALKER, aka "Demii,"** in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully made any materially false, fictitious, and fraudulent statement and representation, that is, in a claim form submitted to the Drug Enforcement Administration seeking the return of $179,710 in cash seized from **WALKER** at the Albany International Airport on or about July 27, 2020, **WALKER** falsely stated and represented that "[t]he money is my money and I have a valid, good faith, and legally recognizable interest in this asset" and "I am not involved in any criminal activity" when, as **WALKER** then well knew, the money was not her money and she was, in fact, involved in criminal activity, in violation of 18 U.S.C. § 1001(a)(2).

## FIRST FORFEITURE ALLEGATION
### (21 U.S.C. § 853(a))

1.    The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853(a)(1).

2.    Pursuant to Title 21, United States Code, Section 853(a)(1), upon conviction of an offense in violation of Title 21, United States Code, Section 846, as set forth in Count 1, the defendants, **DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones," MCKENZIE MERRIALICE COLES, aka "Kenzie,"** ██████████████████████ **DAVID SINGLETARY, aka "DB," ISIAH TI-QUAN CLEMENTS, aka "Zay," LAWRENCE MUMPHREY, aka "L," DEANDRE CALDWELL, aka "Dilli," "Dillinger," and "Dre," ROSEMARY COLES, NIARA BANKS, aka "Nie," JAZELL SHULER, TOQWANDA KETCHMORE, aka "Quannie," VICTOR TURNER, JUNEALLYSON OSMAN, aka "Juney," CONSANGA HARRIS, aka "Sondy," LAFAY PEARSON, aka "Lala,"** ████████ ████████ shall forfeit to the United States of America any property constituting, and derived from, any proceeds obtained, directly and indirectly, as the result of such offense, and any property used, and intended to be used, in any manner or part, to commit, and to facilitate the commission of, the offense, including but not limited to, a sum of money equal to the amount of proceeds obtained as a result of the offense charged in Count 1 of the Indictment and the property identified herein as subject to forfeiture.

**SECOND FORFEITURE ALLEGATION**
**(18 U.S.C. § 982)**

3.      The allegations contained in Counts 11 through 98 of this Indictment are hereby

realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18,

United States Code, Section 982(a)(1).

4.      Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an

offense in violation of Title 18, United States Code, Section 1956(h), as set forth in Count 11, the

defendants, **DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones," MCKENZIE**

**MERRIALICE COLES, aka "Kenzie,"** ████████████████████████████████

████████████████████████ **DAVID SINGLETARY, aka "DB," ISIAH TI-**

**QUAN CLEMENTS, aka "Zay," LAWRENCE MUMPHREY, aka "L," LATRICE**

**MUMPHREY, ROSEMARY COLES, KRISTLE WALKER, aka "Demii," NIARA BANKS,**

**aka "Nie," JAZELL SHULER, CONSANGA HARRIS, aka "Sondy," ALYSSA JUNE**

**WHITE,** ███████████████████████████████████████ shall,

forfeit to the United States of America any property, real or personal, involved in such offense,

and any property traceable to such property, including but not limited to, a sum of money equal to

the amount of proceeds obtained as a result of the offense charged in Count 11 of the Indictment

and the property identified herein as subject to forfeiture.

5.      Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an

offense in violation of Title 18, United States Code, Section 1956(a), as set forth in Counts 12

through 82, the defendants, **DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones,"**

**MCKENZIE MERRIALICE COLES, aka "Kenzie," ISIAH TI-QUAN CLEMENTS, aka**

**"Zay," LAWRENCE MUMPHREY, aka "L," LATRICE MUMPHREY, ROSEMARY**

**COLES, KRISTLE WALKER, aka "Demii," NIARA BANKS, aka "Nie," and ALYSSA**

**JUNE WHITE**, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to, a sum of money equal to the amount of proceeds obtained as a result of the offenses charged in Counts 12 through 82 of the Indictment and the property identified herein as subject to forfeiture.

6.      Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957(a), as set forth in Counts 83 through 98, the defendants, **DWIGHT A. SINGLETARY II, aka "Nutt" and "Mike Jones,"** and **MCKENZIE MERRIALICE COLES, aka "Kenzie,"** shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to,  a sum of money equal to the amount of proceeds obtained as a result of the offenses charged in Counts 83 through 98 of the Indictment and the property identified herein as subject to forfeiture.

**THIRD FORFEITURE ALLEGATION**
**(18 U.S.C. § 924(d)(1))**

7.      The allegations contained in Counts 5, 7, 8, and 10 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

8.      Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 922(g)(1), as set forth in Counts 5 and 8, the defendants, **DAVID SINGLETARY, aka "DB,"** and **LAWRENCE MUMPHREY, aka "L,"** shall forfeit to the United States of America any firearm and ammunition involved in any knowing violation of Title 18, United States Code, Section 922(g)(1).

9.      Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 924(c)(1)(A), as set forth in Counts 7 and 10, the defendants, **LAWRENCE MUMPHREY, aka "L,"** and **DEANDRE CALDWELL, aka "Dilli," "Dillinger," and "Dre,"** shall forfeit to the United States of America any firearm and ammunition involved in any knowing violation of Title 18, United States Code, Section 924(c)(1)(A).

**PROPERTY SUBJECT TO FORFEITURE**

10.      The property to be forfeited from **DWIGHT A. SINGLETARY, II, aka "Nutt" and "Mike Jones,"** and **MCKENZIE MERRIALICE COLES, aka "Kenzie,"** includes:

a.  **Real Property:**

i.    real property commonly known as 5371 West Acacia Avenue, Fresno, California;

ii.   real property commonly known as 5363 West Acacia Avenue, Fresno, California;

iii.  real property commonly known as 17 Chapel Street, Unit 603, Albany, New York;

iv.   real property commonly known as 3202 Sixth Avenue, Troy, New York;

v.    real property commonly known as 239 Sixth Avenue, Troy, New York;

vi.   real property commonly known as 2270 Old Sixth Avenue, Troy, New York; and

vii.  real property commonly known as 15 Delaware Street, Albany, New York.

b.  **Currency/Funds Seized from Bank Accounts:**

i.    $230,200 in U.S. currency;

ii.   $1,000 in U.S. currency;

iii.  $282 in U.S. currency;

iv.   $1,120 in U.S. currency;

v.    funds in the amount of $11,236.65 seized from JPMorgan Chase Bank, N.A. account number ending in 8766 in the name of DAS Empire, Inc.;

vi.    funds in the amount of $1,374.70 seized from State Employee Federal Credit Union account numbers ending in 1135 and 8818 in the name of Dwight A. Singletary; and

vii.   funds in the amount of $178.21 seized from Noble Federal Credit Union account number ending in 4009 in the name of McKenzie M. Coles.

c.  **Vehicles:**

i.    a 2021 GMC Yukon XL, VIN: 1GKS2JKL8MR184884;

ii.    a 2021 Mercedes G63, VIN: W1NYC7HJXMX411637;

iii.   a 2021 Mercedes S580, VIN: W1K6G7GB4MA037788; and

iv.    a 2020 Polaris Slingshot, VIN: 57XAARGB7L8140377.

d.  **Jewelry:**

i.    an 18-karat yellow gold Rolex Day Date 36 watch, serial number D662899, with Rolex box and three extra links, valued at $26,500;

ii.    a stainless steel Audemars Piguet Royal Oak watch with 1,980 round brilliant cut diamonds, serial number D31753, valued at $26,500;

iii.   a 14-karat yellow gold necklace, 18 inches long, 18mm wide, with 1,398 round brilliant cut diamonds, valued at $34,950;

iv.    a 14-karat white gold necklace with cross pendant, 22 inches long, with 231 round brilliant cut diamonds, valued at $7,600;

v.    a 14-karat yellow gold bracelet, 7.5 inches long, with 754 round brilliant cut diamonds, valued at $11,250;

vi.    a 14-karat yellow gold chain, 24 inches long, 3.9mm wide, valued at $2,400;

vii.    a 14-karat yellow gold necklace, 32 inches long, 20.5mm wide, with 206 round brilliant cut diamonds, valued at $115,500;

viii.    an 18-karat yellow gold bracelet, 7.5 inches long, with 32 round brilliant cut diamonds, valued at $17,500;

ix.    a 14-karat rose gold bracelet, 7.5 inches long, with 32 round brilliant cut diamonds, valued at $88,000;

x.    a single 18-karat yellow gold earring with one round brilliant cut diamond, valued at $45,500;

xi.    an 18-karat rose gold Patek Philippe Nautilus watch with a blue dial, Model 5990/1R-001, with Patek Philippe box, papers, and three extra links, valued at $114,730;

xii.    a pair of gold tone Cartier sunglasses with aftermarket diamonds and 14-karat rose gold appointments, with 37 round brilliant cut diamonds, serial number C33B62E, with Cartier box, valued at $7,250;

xiii.    a pair of silver tone Cartier sunglasses with aftermarket diamonds and 14-karat white gold appointments, with 25 round brilliant cut diamonds and 20 emerald cut diamonds, serial number C06A67F, with Cartier box, valued at $8,250;

xiv.    a base yellow metal Versace ring, size 6.5, with Versace box, valued at $250; and

xv.    a base yellow metal Charles Hubert pocket watch with inscription, valued at $135.

    e.  **Luxury Accessories and Attire:**

i.    a Mason Furs chinchilla fur vest, valued at $9,700;

ii.    a chinchilla fur hat with black woven interior liner, valued at $1,500;

    iii.    a silver fox trapper style hat, valued at $400;

    iv.    a Hermès leather belt strap in black leather reversing to brown, with bag and box, valued at $550;

    v.    a Louis Vuitton Monogram Macassar Christopher backpack, valued at $3,300;

    vi.    a Louis Vuitton Damier Ebene Neverfull tote, valued at $1,500;

    vii.    a Louis Vuitton Damier Ebene Victorine trifold wallet, valued at $575;

    viii.    a Louis Vuitton Damier Ebene pochette, valued at $650;

    ix.    a Louis Vuitton Monogram Taigarama Noir Messengerama K45 messenger bag, valued at $2,650;

    x.    a black Louis Vuitton Alex backpack, valued at $2,900;

    xi.    a Dior Oblique Galaxy leather belt strap with CD icon buckle, valued at $840;

    xii.    a pair of Dior D-Connecticut white sneakers, size 38, valued at $650;

    xiii.    a pair of Balenciaga Track 2 Open sneakers, size 8, valued at $1,050; and

    xiv.    a Valentino Garavani VLogo Signature reversible belt, valued at $990.

    f.    **Firearms and Ammunition:**

    i.    a Glock GMBH 23 .40 caliber handgun, serial number BGBP112; and

    ii.    10 rounds of .40 caliber Hornady ammunition.

11.    The property to be forfeited from **DEANDRE CALDWELL, aka "Dilli," "Dillinger" and "Dre,"** includes:

    a.    $15,941 in U.S. currency; and

    b.    a Taurus PT738 .380 caliber handgun, serial number 11759B.

12.    The property to be forfeited from **VICTOR TURNER** includes:

    a.    $15,480 in U.S. currency.

13.    The property to be forfeited from **DAVID SINGLETARY, aka "DB,"** includes:

    a.  a 2020 Jeep Grand Cherokee, VIN: 1C4RJFDJ5LC430863;

    b.  11 rounds of .40 caliber Winchester ammunition;

    c.  a 14-karat yellow gold bracelet, eight inches long, with 1,000 round brilliant cut diamonds, valued at $19,250;

    d.  a pair of 10-karat yellow gold earrings with 68 round brilliant cut diamonds, valued at $1,700;

    e.  $12,642 in U.S. currency; and

    f.  $1,910 in U.S. currency.

14.    The property to be forfeited from ████ includes:

    a.  funds in the amount of ███ seized from ████ account number ending in ██ in the name of ███

15.    The property to be forfeited from **ROSEMARY COLES** includes:

    a.  a 2019 Kia Sorento, VIN: 5XYPG4A37KG575395.

16.    The property to be forfeited from **LAWRENCE MUMPHREY, aka "L,"** includes:

    a.  a Ruger model AR-556 5.56mm caliber rifle, serial number 850-52199;

    b.  an Anderson Manufacturing model AM-15 multi-caliber rifle, serial number 14112971;

    c.  a .223 caliber rifle with ".223" on the barrel and no serial number;

    d.  a Taurus 9mm caliber pistol with no serial number;

    e.  29 rounds of 7.62x39mm caliber TulAmmo ammunition; and

    f.  49 rounds of .22 caliber Remington ammunition.

17.    The property to forfeited from ███████████████████████████

████████ includes:

     a.   a Springfield Armory XD-40 .40 caliber handgun, serial number XD396683;

     b.   nine rounds of .40 caliber Winchester ammunition; and

     c.   one round of .40 caliber Smith & Wesson ammunition.

### Substitute Assets

18.    If, as a result of any act or omission of the defendants, any of the property described above and subject to forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1) and Title 21, United States Code, Section 853(a)(1):

     a.   cannot be located upon the exercise of due diligence;

     b.   has been transferred or sold to, or deposited with, a third party;

     c.   has been placed beyond the jurisdiction of the court;

     d.   has been substantially diminished in value; or

     e.   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) standing alone or as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

Dated:    December 21, 2022

                        A TRUE BILL,    *Name Redaction

                        ███████████████████████

                        Grand Jury Foreperson

CARLA B. FREEDMAN
United States Attorney

By:

Cyrus P.W. Rieck
Dustin C. Segovia
Assistant United States Attorneys
Bar Roll Nos. 518933 & 703016