# THE KINDLON LAW FIRM PLLC

69 COLUMBIA STREET
ALBANY, NEW YORK 12210

(518) 434-1493
(518) 935-9336 (FAX)
KINDLON.COM

LEE C. KINDLON*
—————

*OF COUNSEL:*
TERENCE L. KINDLON
LAURIE SHANKS

*ADMITTED IN NY AND DC

April 13, 2023

*Via ECF*
Hon. Daniel J. Stewart
U.S. Magistrate Judge
Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, New York 12207

**United States v. Dwight Singletary**
**1:22-CR-477 (GTS)**

Dear Judge Stewart:

I represent Dwight Singletary in the above-captioned matter.  Pursuant to 18 US Code § 3145(b), and based upon the documents submitted and developments with my client's case, I would ask the Court to reconsider and amend the original order of detention and grant Mr. Singletary's release.

Dwight Singletary was charged along with more than a dozen other co-defendants in Count 1 of the indictment. Only two other of those co-defendants, including his brother David, were detained. The remaining co-defendants were released with conditions. Like my client, the released co-defendants are also subject to lengthy periods of incarceration if convicted and the weight of the evidence is consistent. Unlike his co-defendants who were accused of actually perpetuating violence in order to achieve their crimes, there was no indication that Mr. Dwight Singletary  ever committed any acts of violence.  As the co-defendants are similarly situated, there is no reason why the same combination of conditions, which reasonably ensure the safety of the community with regard to the other released co-defendants, would not reasonably ensure the safety of the community with regard to Dwight Singletary.

Mr. Singletary is bound to the Capital District.  As the attached letters of support attest, he has significant and extensive ties to the area, and familial support to keep him grounded as he defends himself against the allegations.  Further, as the Government has moved to seize most, if not all, of his assets, he is now without resources to go anywhere.

It is my client's intention to go to trial. The government has turned over to counsel more

than twelve terabytes of information, consisting over well over 100,000 pages of information and hours of audio and video surveillance.  It is impossible to review these materials with my client while he is incarcerated at Rensselaer County Jail, as they still do not permit in-person visitation (non-contact visits are still standard). Further, the logistical impossibility of sending to him printed pages (the facility does not accept in-person delivery) or computer equipment to review discovery makes it impossible for him to assist with his defense.[1]

I thank the Court for its prompt reconsideration.

Respectfully,

THE KINDLON LAW FIRM, PLLC.

Lee C. Kindlon
lkindlon@kindlon.com

cc: US Attorney's Office (via ECF)

enc.

---

[1] Rensselaer County Jail is not alone in these restrictions; most local facilities now have complex document screening processes that serve as near-impossible hurdles to for a prisoner's document retention.