UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                                                    1:22-CR-477-1
                                                                                                                 (GTS)

DWIGHT A SINGLETARY II,
                                Defendant.
_____

**ORDER DENYING DEFENDANT'S
SECOND REQUEST FOR RECONSIDERATION**

Defendant Dwight A. Singletary II, through his counsel, has, for a second time, requested that the Court reopen the detention hearing held on January 6, 2023, and reconsider its Order of Detention. Dkt. No. 574; *see also* Dkt. No. 57; Text Minute Entry for January 6, 2023. The Government has opposed Defendant's most recent Motion on the grounds that the requirements for reconsideration under 18 U.S.C. § 3142(f) have not been met. *See* Dkt. No. 579. After careful review, the Defendant's Motion for Reconsideration of the Court's previous Order granting Defendant's detention is denied.

**I. STANDARD**

Pursuant to 18 U.S.C. § 3142(f), a detention hearing "may" be reopened if the Court finds that (1) "information exists that was not known to the movant at the time of the hearing" and (2) that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). A court is not obligated to open a detention hearing if it determines that the new information does not materially affect the detention decision. *See United States v. Havens*, 487 F.

Supp. 2d 335, 339 (W.D.N.Y. 2007) (electing not to reopen a detention hearing because the new information would not have changed the court's decision to detain the defendant until trial). The Defendant, as the movant, bears the burden of establishing both elements. Nevertheless, the statute "leaves the decision to reopen a hearing to the sound discretion of the district court." *United States v. Zhang*, 55 F.4th 141, 148 (2d Cir. 2022) (citation omitted).

In addition to the statutory authority created pursuant to 18 U.S.C. § 3142(f), the Court also has inherent authority to reconsider a detention decision. *See United States v. Rowe*, 2003 WL 21196846, *1 (S.D.N.Y. May 21, 2003) (noting that "a release order may be reconsidered even where the evidence proffered on reconsideration was known to the movant at the time of the original hearing"); *United States v. Petrov*, 2015 WL 11022886, *3 (S.D.N.Y. Mar. 26, 2015) (noting the "Court's inherent authority for reconsideration of the Court's previous bail decision"); *United States v. Maxwell*, 527 F. Supp. 3d 659, 663-64 (S.D.N.Y. 2021) (under the Court's inherent authority, reconsidering its own bail decision based on defendant's argument that new conditions would vitiate any concerns regarding flight risk).

## II. DISCUSSION

The Defendant argues in his written submission that a new detention hearing is warranted "based on the recent reclassification of marijuana from a Schedule I to a Schedule III controlled substance, pursuant to 18 U.S.C. § 3142(f)." Dkt. No. 574 at p. 1. Defendant further explains that, "[o]n December 18, 2025, the President of the United States, Donald J. Trump, issued Executive Order No. 14370 reclassifying marijuana from

a Schedule I controlled substance to a Schedule III controlled substance." *Id.* at p. 2. Defendant claims that the reclassification of marijuana marks a shift by the federal government in the regulation of marijuana and is the type of new information that 18 U.S.C. § 3142(f) contemplates as a basis to reopen a detention hearing. *Id.*

In response, the Government asserts that "marijuana has *not* been reclassified from Schedule I to Schedule III." Dkt. No. 579 (emphasis in original). The Government further explains that, while "the President issued an executive order instructing the Attorney General to 'take all necessary steps to complete the rulemaking process related to rescheduling marijuana to Schedule III of the CSA in the most expeditious manner in accordance with Federal law,'" "[t]hat process is not complete" and "marijuana remains in Schedule I." *Id.* (citing Exec. Order No. 14370, 90 Fed. Reg. 60,541 (Dec. 18, 2025)). The Government also contends that the purpose behind this change was not to "support the wholesale, unregulated legalization of recreational marijuana," but instead "'to increase medical marijuana and CBD research.'" *Id.* (quoting Exec. Order No. 14370, 90 Fed. Reg. 60,541 (Dec. 18, 2025)). In any event, the Government argues that, "even if marijuana had been rescheduled," the rescheduling "has *no* impact on the legality of [Defendant's] conduct or the sentence he faces," and thus "is not new information that has a material bearing" on the issues relevant to Defendant's detention. *Id.* at p. 2 (quotations omitted) (emphasis in original).

Upon careful review of the submissions, the Court concludes that a renewed detention hearing is not warranted. As the Government has accurately explained, marijuana has not yet been reclassified from Schedule I to Schedule III. Consequently,

Case 1:22-cr-00477-GTS    Document 588    Filed 02/10/26    Page 4 of 5

the issuance of the subject Executive Order, which merely instructs the Attorney General to take steps to reschedule marijuana from Schedule I to Schedule III, does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community.

Defendant is alleged to have been the leader and organizer of a large-scale, multi-state drug conspiracy involving the transportation of hundreds of kilos of drugs from the West Coast to the East Coast. The Court previously concluded that Defendant poses a serious danger to the community as a result of: the seriousness of the numerous charges made against Defendant; the scope of the criminal activity and Defendant's alleged leadership role in it; the fact that guns were found at numerous locations associated with Defendant's alleged criminal enterprise; and Defendant's criminal history, which includes multiple felony convictions. The Court also determined that Defendant presents a significant risk of flight given the high potential penalty Defendant faces and his apparent financial ability to flee from prosecution. Also relevant to the Court's decision regarding Defendant's danger to the community and risk of flight was Defendant's prior criminal history, failure to appear in court as ordered, and violation of probation, parole, or supervised release, as well as the fact that Defendant was notified of the impending investigation but continued to operate the business undeterred. This is a case that involves a presumption in favor of detention, and that presumption has not been overcome.

Significantly, in the previous Order detaining Defendant, the Court recognized that marijuana "ha[d] been legalized in numerous states," but nevertheless found that "the

- 4 -

massive nature of th[e] drug operation as set forth during the Government's proffer presents a clear danger to the public." Dkt. No. 57 at pp. 4-5.  The Court understands it is Defendant's belief that the Executive Order's instruction to reclassify marijuana is a "change in the law" that "increased his chances of success."  Dkt. No. 574 at p. 3. However, to date, no change in the law has yet occurred.  Any future reclassification of marijuana may be a factor for the Court's consideration at a later time, but, at the present time, no basis exists to reopen the detention hearing.

    **WHEREFORE**, it is hereby

    **ORDERED**, that the Defendant's Motion for Reconsideration of the Court's previous Order detaining Defendant is **DENIED**.

    **SO ORDERED**.

Dated:  February 10, 2026
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge